(98 App. Div. 487)

## BRIGGS v. WEEKS et al.

(Supreme Court, Appellate Division, Fourth Department. November 23, 1904.)

1. MORTGAGES—FORECLOSURE—EXTENSION OF TIME OF PAYMENT—ANSWER AS
   EVIDENCE.
   In a suit to foreclose a defendant's original and amended answer set
   up an agreement for the extension of the time of payment. Plaintiff of-
   fered in evidence the original and amended answer. No other evidence
   was given with reference to such agreement. *Held,* that the right to
   foreclose was defeated, the original answer having been superseded by
   the amended answer, except as evidence, and its introduction in evidence
   giving effect to the statement therein alleged.
   Williams, J., dissenting.

Appeal from Trial Term, Niagara County.

Action to foreclose a mortgage by Philena Briggs against Alice
I. Weeks and another. From a judgment of foreclosure and sale,
and from an intermediate order denying an application for an order
settling the issues of fact and directing their trial by a jury, and
from an order denying an application for a rehearing, defendants ap-
peal. Judgment reversed. Orders affirmed.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS,
HISCOCK, and STOVER, JJ.

Henry M. Davis, for appellants.
Charles M. Southworth, for respondent.

STOVER, J. The defendants interposed an answer which al-
leged, first, that after the making and execution of the bond and
mortgage the defendants and the plaintiff entered into an agree-
ment whereby, for a valuable consideration, the time of payment
of said mortgage was extended; and, second, a denial that there
was any sum due upon the bond and mortgage. Subsequently an
amended answer was served, in which the defense of the extension
was reiterated, and several other defenses interposed. Upon the
trial of the action, for some unexplained reason, the plaintiff of-
fered in evidence both the original and the amended answer. No
other evidence was given with reference to the alleged agreement
extending the time of payment.

The amended answer superseded the original, and so far as the
trial of the action was concerned, except for its introduction by
the plaintiff as a piece of evidence, the original answer had noth-
ing whatever to do with the case. It is not necessary to introduce
a pleading in evidence, as it is always before the court, and its ad-
missions bind the party without a formal introduction as evidence;
but in the case of the original answer, which has been superseded,
and is out of the case, no reason is suggested for its introduc-
tion as evidence, except to give effect to the statements therein
contained. The plaintiff was probably at liberty to question the
admissions and to give proof denying them, but, not having done
so, it must be assumed that he intended the statements of the an-
swer to stand as evidence, and, standing uncontradicted, it estab-
lishes the fact that the agreement of extension was made. Al-

though hearsay, yet, being unobjected to by the other side, the party offering it cannot be heard to question its admissibility now. We think that the condition in which the plaintiff left his case by the introduction of this evidence without explanation or qualification defeated his action, and that the judgment for this reason must be reversed. People v. Norton, 9 N. Y. 176; Dodge v. Crandall, 30 N. Y. 294; Mott v. Ice Co., 73 N. Y. 543. The orders brought up for review should be affirmed.

Judgment reversed and new trial ordered, with costs to the appellants to abide event. Orders affirmed, without costs. All concur, except WILLIAMS, J., who dissents.